**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DANA L. MATHEWS** | : | **Case No. 06-CV-3028** |
| Petitioner, | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| **KELLEH KONTEH** | : | **OPINION & ORDER** |
| Respondent. | : | |

On December 4, 2006, the Petitioner, Dana L. Mathews ("Mathews" or "the Petitioner"), filed a petition for a *writ of habeas corpus* (Doc. 1) pursuant to 28 U.S.C. § 2254. The Court referred (Doc. 5) this case to Magistrate Judge George J. Limbert on December 21, 2006, ultimately for preparation of a Report and Recommendation ("R&R") regarding Mathews' petition. On April 24, 2007, the Respondent, Kelleh Konteh ("the Respondent"), filed an Answer/Return of Writ ("Answer") (Doc. 7). Mathews filed a Traverse (Doc. 10) on May 25, 2007. Magistrate Judge Limbert issued a R&R on March 18, 2008 recommending that this Court dismiss Mathews' petition with prejudice (Doc. 11). On April 25, 2007, Mathews filed objections and exceptions to that R&R (Doc. 13).

The Court adopts the Magistrate Judge's recommendation that Ground One of Mathews' petition is procedurally defaulted, and therefore, must be dismissed. The Court, however, does not adopt the Magistrate Judge's conclusion that Ground Two lacks merit, but, nonetheless, finds that Ground Two must be dismissed because of procedural default. As outlined in greater detail below, Mathews' petition must be **DENIED** and his case **DISMISSED**.

## I. BACKGROUND

The R&R accurately sets forth the factual and procedural background of this case. (Doc. 11 at 1-9). In the interest of efficiency, therefore, the Court adopts the R&R's articulation of that background. To the extent necessary, if any, the Court will elaborate on factual and procedural issues worthy of additional consideration.

### A. Procedural History

The Petitioner was indicted by a Grand Jury in Richland County, Ohio, on June 10, 2004 for the following charges: Count 1: aggravated murder, with firearm specification; Count 2: murder, with firearm specification; Count 3: attempted murder, with firearm specification; Count 4: felonious assault, with firearm specification; Count 5: having a weapon while under a disability; Count 6: possession of firearm in liquor permit premises; and Count 7: carrying a concealed weapon. (Doc. 11 at 6). The Petitioner, accompanied by counsel, pled not guilty to all charges on June 29, 2004.

The case proceeded to trial. On August 2, 2004, the Petitioner filed a motion in limine, seeking exclusion of any evidence "pertaining to criminal charges against him in another case for a shooting that allegedly occurred on November 20, 2003." (Doc. 11 at 6). The trial court denied the motion and a later objection, and permitted testimony regarding this other incident. As explained by the Fifth District Court of Appeals:

> The prosecution then called Tabitha Carter as a rebuttal witness. Carter was a convicted felon who was serving time for drug possession and was an admitted crack cocaine addict. Carter testified that she was in the darkened kitchen of the West Fourth Street home on November 20, 2003, when a tall black man and a short, stocky black man entered the house. The two assailants started shooting. Two men who were in the kitchen with Carter that night were shot. Carter did no[t] know appellant at that time and did not identify him as one of the assailants in her first statement to police. Some months later, Carter told police that she "heard on the street" that one of the assailants was appellant. Later, when both she and appellant were incarcerated in the Richland County Jail, Carter claimed that appellant "apologized" to her for her being in the house that night. Carter later claimed that it was by virtue of this

>   conversation with appellant that she could identify appellant as one of the assailants in the November 2003, shooting.

(Doc. 11 at 5). The Petitioner's Ground Two, as listed below, characterizes the admission of this testimony as a violation of due process.

At the conclusion of trial, the "Jury found Petitioner guilty of Counts 1, 3, and 4, all with firearm specifications," and Counts 5 and 6. *Id.* The jury did not convict the Petitioner for Count 7 and did not reach a decision as to Count 2 because it was a lesser included offense of Count 1. The Petitioner was sentenced to 20 years to life imprisonment for Count 1, and as to the other sentences, the trial court ordered that they be "served consecutively with each other and concurrently with the sentence for Count 1." (Doc. 11 at 7).

On direct appeal, the Petitioner raised six assignments of error, which included the following two claims pertinent to this Petition:

>   III.    THE TRIAL COURT COMMITTED REVERSIBLE AND PREJUDICIAL ERROR BY ADMITTING EVIDENCE OF UNPROVEN PRIOR CRIMINAL ACTS ALLEGED TO HAVE BEEN COMMITTED BY DEFENDANT-APPELLANT WHEN THE PRIOR ACTS AND ALLEGATIONS WERE THEMSELVES NOT SUPPORTED BY ANY CREDIBLE PROBATIVE EVIDENCE.
>
>   VI..    THE TRIAL COURT COMMITTED PLAIN AND PREJUDICIAL ERROR BY INSTRUCTING THE JURY THAT BELIEF IN THE TESTIMONY OF THE STATE'S WITNESSES REQUIRED A VERDICT OF GUILTY.

(Doc. 11 at 7-8).

After the Ohio Court of Appeals affirmed the Petitioner's conviction, he filed a *pro se* notice of appeal with the Supreme Court of Ohio, raising four claims, including:

>   I.     Does an erroneous misdescription of the burden of proof and credibility jury instruction together violate a defendants [sic] Due Process rights?
>
>   II.    Must a defendant be sufficiently identified as the perpetrator of other acts

-3-

> wrongs or crimes in order for the State to introduce evidence of other acts, wrongs or crimes

(Doc. 11 at 8). The Supreme Court of Ohio denied leave to appeal on June 7, 2006. (Doc. 7 at Ex. 13).

The Petitioner then filed an application to reopen his direct appeal pursuant to Ohio Rule of Appellate Procedure 26(B). The Petitioner raised two assignments of error, including most pertinently:

> I. WHETHER APPELLATE COUNSEL WAS INEFFECTIVE FOR NOT RAISING THE ASSIGNMENT OF ERRORS FROM A FEDERAL CONSTITUTIONAL PERSPECTIVE, THUS BARRING FEDERAL REVIEW BECAUSE OF A PROCEDURAL BAR.

(Doc. 11 at 8). The Ohio Court of Appeals denied the motion on June 19, 2006, because "Petitioner failed to provide a sworn affidavit setting forth a factual basis for alleging the appellate counsel's representation was deficient." *Id.* at 9. It appears that the Petitioner never appealed this denial.

On December 4, 2006, Mathews filed his petition for *habeas* relief on the following two grounds:

> GROUND ONE: PETITIONER WAS DENIED THE CONSTITUTIONAL RIGHT TO DUE PROCESS. 14 AMENDMENT
> Supporting FACTS: THE TRIAL COURT VIOLATED PETITIONERS [sic] CONSTITUTIONAL RIGHTS BY INSTRUCTING THE JURY THAT BELIEF OF THE TESTIMONY OF THE STATES [sic] WITNESSES REQUIRED A VERDICT OF GUILTY. (Tr., pp. 1889). 14 AMENDMENT
>
> GROUND TWO: PITITIONER [sic] WAS DENIED THE CONSTITUTIONAL RIGHT TO DUE PROCESS. 14TH AMENDMENT
> Supporting FACTS: PETITIONER WAS NEVER CONSTITUTIONALLY IDENTIFIED AS THE PERPETRATOR OF OTHER ACTS EVIDENCE, BEFOR [sic] THE EVIDENCE WAS INTRODUCED INTO TRIAL

(Doc. 11 at 9).

## II. LAW AND STANDARD OF REVIEW

In order for a federal court to review the merits of a habeas petition, the petitioner must overcome several procedural hurdles. Of dispositive relevance, when a petitioner has failed to comply with a state procedural rule with respect to a particular claim, the procedural default doctrine bars federal courts from considering the underlying claim. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). To determine whether there has been procedural default, courts of the Sixth Circuit apply the *Maupin* Test. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Under *Maupin*, courts inquire whether:

> (1) there is a state procedural rule that applies to the petitioner's claim with which the petitioner failed to comply;
> (2) that rule is actually enforced by state courts;
> (3) the state procedural forfeiture is an independent and adequate state ground on which the state can rely to foreclose review of a federal constitutional claim; and
> (4) if the above three are met, has the petitioner demonstrated "cause" and "prejudice" for the procedural default, or "actual innocence" of the underlying offense.

*Franklin v. Anderson*, 434 F.3d 412, 418 (6th Cir. 2006) (citing *Maupin*, 785 F.2d at 138); *Poindexter v. Mitchell*, 454 F.3d 564, 583 (6th Cir. 2006).

## III. ANALYSIS

### A. The Court Adopts the Magistrate Judge's Recommendation that Ground One is Procedurally Barred.

Ground One alleges that a due process violation occurred when the trial court did not give the following jury instruction: the jury's belief in the state's witnesses' testimony does not require a guilty verdict. (Doc. 11 at 7-8). As the Magistrate Judge's R&R explains, however, this Ground is procedurally defaulted because the Petitioner did not object to the absence of this instruction at trial. Under Ohio Rule of Criminal Procedure 30(A), "a party may not assign as error the giving or

the failure to give any instructions unless the party objects before the jury retires to consider its verdict." Ohio R. Crim. P. 30. The Petitioner failed to object to the allegedly improper jury instruction and therefore, failed to comply with the Rule 30(A) "contemporaneous objection" rule. Therefore, prong one of *Maupin* is satisfied.

For prong two, the contemporaneous objection bar must be enforced by Ohio state courts. On this issue, the Petitioner raises an objection to the R&R, stating that the Ohio Court of Appeals in this case used a "plain error" test, and therefore, did not base its denial of relief on the "failure to object" default rule. (Doc. 13 at 3). The R&R correctly states, however, that under Sixth Circuit precedent, "a state appellate court's review under plain error analysis is not equivalent to a review on the merits." (Doc. 11 at 18 (citing *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006)). Accordingly, "a state court's plain error analysis does not save a petitioner from procedural default." *Id.* (citing *Scott v. Mitchell*, 209 F.3d 854, 866 (6th Cir. 2000)). Thus, the procedural bar was enforced by the Appellate Court's denial of relief under a plain error test; prong two is satisfied.

With respect to prong three, as explained in the R&R, the Sixth Circuit has held that Ohio's contemporaneous objection rule is an independent and adequate state ground to bar federal review. *Carter v. Mitchell*, 443 F.3d 517, 538 (6th Cir. 2006), *cert. denied*, 127 S. Ct. 955 (2007); *White v. Mitchell*, 431 F.3d 517, 525 (6th Cir. 2005). Prong three is satisfied, accordingly.

Finally, because the Petitioner has not presented any cause for his failure to comply with the contemporaneous objection rule, the Court need not consider if there is any prejudice. *Smith v. Murray*, 477 U.S. 527, 533 (1986). Had the Petitioner asserted ineffective assistance of trial counsel as "cause," such a claim would have been insufficient; in order for ineffective assistance to be "cause," the ineffective assistance claim itself must have been exhausted in state court. *Edwards v. Carpenter*, 529 U.S. 446, 451-53 (2000). Yet, at no time has the Petitioner raised a claim of

ineffective assistance of <u>trial</u> counsel in state court. The Petitioner, moreover, has not asserted a claim of actual innocence. Therefore, prong four is satisfied, and Ground One is **<u>DISMISSED</u>** as procedurally barred.

### B.     Ground Two

Ground Two is somewhat unclear; the Petition can be read as presenting two potential constitutional violations: (1) that allowing Tabitha Carter to testify regarding prior bad acts involving the Petitioner was such an egregious state evidentiary ruling that it rises to the level of a due process violation, or (2) that Carter's in-court identification of the Petitioner was unnecessarily suggestive under *Neil v. Biggers*, 409 U.S. 188 (1972) and, thus, violated the Petitioner's due process right to a fair trial. The R&R addresses Ground Two as a *Biggers* claim,[1] but the Court must consider both potential claims in order to determine whether Mathews' Petition should be granted.

#### 1.     Was Ground Two Fairly Presented in State Court?

Before directly addressing either the state evidentiary due process claim or the *Biggers* claim, the Court must resolve a threshold issue: whether the Petitioner has procedurally defaulted Ground Two because he did not fairly present it to the Ohio Appellate Court as a constitutional claim under

---

[1]The Magistrate Judge, finding *Neil v. Biggers* inapplicable to the Petitioner's case, recommended dismissing Ground Two for lack of merit. It appears that the Magistrate Judge found that *Biggers* was inapplicable because the witness identification of the Petitioner occurred during trial, and not out-of-court, as was the case in *Biggers*. (Doc. 11 at 22). As pointed out by the Petitioner in his objections, (Doc. 13 at 6-7), however, "the *Biggers* analysis applies to such <u>in-court identifications</u> for the same reasons that the analysis applies to impermissibly suggestive pretrial identifications." *U.S. v. Hill*, 967 F.2d 226, 232 (6th Cir. 1992) (emphasis added). Therefore, the Court does not adopt the Magistrate Judge's recommendation that the Court conclude that *Biggers* is inapplicable to in-court identifications. Given that no record was developed on the suggestive confrontation prong of *Biggers*, however, it is understandable that the Magistrate Judge analyzed the issue as he did.

federal law. (Doc. 7 at 16-20).

On direct appeal, the Petitioner asserted the following assignment of error:

III. THE TRIAL COURT COMMITTED REVERSIBLE AND PREJUDICIAL ERROR BY ADMITTING EVIDENCE OF UNPROVEN PRIOR CRIMINAL ACTS ALLEGED TO HAVE BEEN COMMITTED BY DEFENDANT-APPELLANT WHEN THE PRIOR ACTS AND ALLEGATIONS WERE THEMSELVES NOT SUPPORTED BY ANY CREDIBLE PROBATIVE EVIDENCE.

The Respondent admits that the factual predicates of Ground Two are covered by this assignment of error. (Doc. 7 at 16-20). The Respondent claims, however, that no matter how one reads this ground, the Petitioner did not assert a federal due process claim. *Id.* Indeed, the Respondent contends that no due process claim was raised by the Petitioner until his notice of appeal to the Supreme Court of Ohio. In his own Rule 26(B) application, the Petitioner, in fact, claims that his appellate counsel was ineffective precisely because he failed to raise any assignment of error from "a federal constitutional perspective, thus barring federal review because of a procedural bar." (Doc. 11 at 9).

The Respondent asserts that the Petitioner violated the procedural rule that claims asserted in *habeas* must be presented at the first opportunity in state court or else be barred as waived under the doctrine of res judicata. (Doc. 7 at 20). In Ohio, "[u]nder the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial . . ." *State v. Perry*, 10 Ohio St. 2d 175, 181 (Ohio 1967) (emphasis added); *accord Monzo v. Edwards*, 281 F.3d 568, 577 (6th Cir. 2002) ("In Ohio, res judicata has long been held to bar consideration of constitutional claims in post-conviction proceedings . . . when those claims have already been or could have been fully litigated either before

-8-

judgment or on direct appeal from that judgment."). The Respondent asserts that the Petitioner did not raise a federal constitutional due process claim in his direct appeal, and therefore, the Petitioner's claim is procedurally defaulted.

Of particular importance, the Sixth Circuit has held that "a petitioner must have 'fairly presented' the substance of each of his federal constitutional claims to the state courts." *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004). A petitioner can "fairly present" his or her claim by any of the follow methods:

> (1) reliance upon <u>federal cases</u> employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

*Id.* (emphasis added).

### i. Evidentiary Due Process Claim

As noted above, one potential reading of the Petitioner's Ground Two is that the trial court's ruling permitting prior bad acts evidence was such an egregious violation of state evidentiary law – specifically, of Ohio Rule of Evidence 404(B) – that it thereby violated his right to due process. *See Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983) ("errors of state law, including evidentiary rulings, which result in a denial of fundamental fairness will support relief in habeas corpus."). The Petitioner's direct appeal did not include any such claim, however. (Doc. 7-3). The Petitioner did raise the issue under Ohio law, citing Ohio Rule of Evidence 404(B), (Doc. 7-3 at 16), but never framed the issue as a constitutional due process violation on direct appeal, under either federal <u>or</u> state law. As a result, it is clear that the Petitioner is barred by res judicata from asserting the due process claim he asserts here, and that prong one of *Maupin* is satisfied as to that potential claim.

With respect to prong two, which requires that the state courts actually enforced the procedural rule, the Respondent argues that, because "the petitioner failed to present the claim at all, the second part of the test is satisfied," citing *Maupin* itself. (Doc. 7 at 20-21). The mere failure to properly present a claim, however, does not necessarily mean that the state court enforced its res judicata procedural rule.

While the Ohio Supreme Court did not explain why it denied the Petitioner leave to appeal, (Doc. 7 at Ex. 13), "[w]here a state court is entirely silent as to its reasons for denying requested relief, we assume that the state court would have enforced any applicable procedural bar." *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (citing *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996)); *cf. Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("where . . . the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.").

Here, the Ohio Supreme Court's generic denial of right to appeal is standard language and did not address, even in a summary fashion, the merits of the Petitioner's federal claims.[2] The Court will, therefore, not read it as indicating that the Ohio Supreme Court disregarded its own procedural bars. *See Bonilla*, 370 F.3d at 497; *accord Kight v. Singletary*, 50 F.3d 1539, 1545 (11th Cir. 1995) (Where a "claim is procedurally barred and the state court denies relief without opinion, 'the most reasonable assumption is that . . . the state court . . . enforced the procedural bar.'" (quoting *Tower v. Phillips*, 7 F.3d 206, 211 (11th Cir. 1993))); *see also McNeal v. Cosby*, Case No. 8:04CV505T, 2006 WL 314512, at *9 (M.D.Fla. 2006) (unpublished) ("this Court cannot presume that a [state]

---

[2]The Ohio Supreme Court decision stated only that, "Upon consideration of the jurisdictional memoranda filed in this case, the Court denies leave to appeal and dismisses the appeal as not involving any substantial constitutional question." (Doc. 7 at Ex. 13).

court ignores its own procedural rules when the Court issues only a one-sentence denial of relief, which is essentially a summary dismissal. Such a ruling does not suggest that the state court resolved the issue on the federal claim presented." (emphasis added)).

By contrast to the current case, had the state court, in fact, addressed the merits of the Petitioner's federal claims, then procedural default would not prevent this Court from reviewing those federal claims unless the state court's decision expressly relied upon procedural default. *See Spencer v. Booker*, 254 Fed. Appx. 520, 523 (6th Cir. 2007) (unpublished) ("If the state courts do not clearly and expressly invoke a state procedural bar when rejecting a defendant's ineffective-assistance claim, but instead rule on the merits, then a federal court may reach the merits of the claim." (emphasis added)); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (The state supreme court "addressed, albeit in summary fashion, [the petitioner's] claim on the merits. If a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review." (citing *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985)).

In this case, however, the Ohio Supreme Court did not address the Petitioner's federal claims. Accordingly, no statement of express reliance upon procedural default is necessary to preclude federal review. *Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 423 (6th Cir. 2003) ("'[a] predicate to the application of the Harris presumption [that state court opinions lacking such a 'clear and express' statement of reliance on a state procedural bar do not preclude federal habeas review of the claim at issue] is that the decision of the last state court to which the petitioner presented his federal claims must fairly appear to rest primarily on federal law or to be interwoven with federal law.'" (emphasis added; brackets in original) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 (1991)).

Because the state court here did not address the merits of the Petitioner's federal claims, the

*Harris* presumption is <u>inapplicable</u> and this Court may assume that the state court would have applied its own procedural bar had the procedurally defaulted federal claims, in fact, been addressed. Thus, the Court will not assume that the Ohio Supreme Court ignored res judicata and based its decision on the merits of the Petitioner's state evidentiary due process claim. Accordingly, prong two of the *Maupin* test is satisfied.

With respect to the third prong, res judicata is an adequate and independent state ground upon which state courts can preclude federal review. *Monzo v. Edwards*, 281 F.3d 568, 577 (6th Cir. 2002); *accord Coleman v. Mitchell*, 268 F.3d 417, 427-29 (6th Cir. 2001).

Finally, as to cause and prejudice, the Petitioner has not presented any arguments regarding the cause for his failure to present a state evidentiary federal due process claim on direct appeal. Even assuming *arguendo* that the Petitioner had claimed ineffective assistance of counsel as the cause of this failure, as the Respondent highlights, the Petitioner failed to appeal the denial of his Rule 26(B) application for ineffective assistance to the Supreme Court of Ohio, a denial which itself was based on the fact that the application was procedurally inadequate. (Doc. 7 at 23). Therefore, any such ineffective assistance claim is itself procedurally defaulted and thus, cannot be used to satisfy the "cause" requirement. *See Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000); *Lancaster v. Adams*, 324 F.3d 423, 438 (6th Cir. 2003) ("Because Petitioner's ineffective-assistance-of-counsel claim is procedurally defaulted, Petitioner must show cause and prejudice for that default in order to rely on this claim to establish cause"); *Richey v. Mitchell*, 395 F.3d 660, 679 (6th Cir. 2005) (Petitioner "may not rely on ineffective assistance as cause to excuse the procedural default of his . . . claim, if the ineffectiveness assistance claim is itself procedurally defaulted."). Therefore, the Court need not consider if there is any prejudice. *Smith v. Murray*, 477 U.S. 527, 533 (1986). In addition, the Petitioner has not shown that a "constitutional violation has probably resulted in the

conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 496. Accordingly, prong four of the *Maupin* test is satisfied, and Ground Two, interpreted as asserting that the state's evidentiary ruling under Rule 404(B) was sufficiently egregious as to deprive the Petitioner of due process, is **DISMISSED** as procedurally defaulted.

### ii. *Biggers* Claim

Turning to the second possible reading of Ground Two, while the words "due process" or "federal" or "constitutional" do not appear in the Petitioner's assignments of error in his original appellate brief, he does cite to *Neil v. Biggers* and applies the *Biggers*' criteria when arguing that Carter's identification testimony was unreliable. (Doc. 7-3 at 16). He then appealed to the Supreme Court of Ohio, asserting the same factual predicates, citing once again to *Neil v. Biggers*, and claiming that this aspect of the trial court's ruling – i.e., admitting Carter's identification of him – was a violation of his due process right to a fair trial. (Doc. 7-7 at 11). The Petitioner's reliance on a federal case applying a federal constitutional analysis was sufficient to preserve his *Biggers* claim and to permit this Court to conclude that this aspect of Ground Two was fairly presented to the state courts during the Petitioner's direct appeal. *See Clinkscale*, 375 F.3d at 437. As explained below, the Petitioner's *Biggers* claim has, nonetheless, been procedurally defaulted on two alternative grounds.

### 2. **Ground Two as a *Biggers* Claim is Procedurally Defaulted.**

The Petitioner objected to Carter's testimony in a motion in limine and during trial. On each occasion, however, those objections were based on the argument that the Petitioner's prior bad acts were inadmissible under Ohio Rule of Evidence 404(B). (Doc. 11 at 6; Doc. 9-13 at 108-115). No objection was ever raised at trial based on *Biggers*; no argument was ever made that Carter's identification of the Petitioner was unduly suggestive until it was made for the first time during the

-13-

Petitioner's appeal. Therefore, under the contemporaneous objection rule, any *Biggers* claim was procedurally defaulted. Prong one of the *Maupin* test for procedural default is satisfied, accordingly.

On direct appeal, the Petitioner raised a *Biggers* claim for the first time, along with his claim under Rule 404(B), based on Carter's testimony. (Doc. 7-3 at 14-18). The Appellate Court overruled the Petitioner's assignment of error under Rule 404(B), but did not address the *Biggers* claim in any manner. (Doc. 7-6 at 18-22). Because the Ohio Appellate Court overlooked the Petitioner's *Biggers* claim, which was presented for the first time on appeal, this Court has no basis to determine whether the Ohio state court enforced its procedural bar. As previously explained in Section III-B-1-i, however, under such circumstances the Sixth Circuit assumes that, if the state court had addressed the claim, it would not have ignored its own procedural rule. *See Simpson*, 94 F.3d at 203; *Bonilla*, 370 F.3d at 497. Furthermore, the contemporaneous objection rule is not a complicated or controversial procedural rule; in fact, it is perhaps the most traditional procedural bar that exists. Therefore, the Court assumes that the state court would have enforced the rule had it addressed the brand new *Biggers* claim. Prong two is, thus, also satisfied.

As addressed in Section III-A above, prong three – that the procedural bar must be an independent and adequate state ground – is also met.

With respect to prong four, the Petitioner has not presented any "cause" for his trial counsel's failure to raise a *Biggers* objection. Even if the Petitioner had made such an argument, in order for ineffective assistance of counsel to be "cause," the ineffective assistance claim itself must have been exhausted in state court. *Edwards v. Carpenter*, 529 U.S. 446, 451-53 (2000). At no time has the Petitioner raised a claim of ineffective assistance of <u>trial</u> counsel in state court; therefore, ineffective assistance cannot be a sufficient cause to justify the Petitioner's procedural default. Without cause, the Court need not address prejudice. *Smith v. Murray*, 477 U.S. 527, 533 (1986). The Petitioner,

-14-

moreover, has not presented any demonstration of actual innocence. Therefore, prong four of the Sixth Circuit's test for procedural default is satisfied. Accordingly, Ground Two as a *Biggers* claim has been procedurally defaulted pursuant to the contemporaneous objection rule and is **DISMISSED**.

Alternatively, even if the Court overlooked the Petitioner's procedural default for failure to object at trial, the Petitioner further defaulted on appeal because his appellate counsel failed to develop a record or even allege that there was a suggestive identification violative of *Biggers*. In order to find a *Biggers* violation, the Court must undertake a two-step approach:

> First, a defendant bears the burden of proving the identification procedure was impermissibly suggestive. Second, if the defendant proves that the identification procedures were impermissibly suggestive, the trial court must determine whether, under the totality of the circumstances, the testimony was nevertheless reliable.

*Hill*, 967 F.2d at 230 (citing *Biggers*, 409 U.S. at 199-200). The Petitioner's original appellate brief skipped step one and went directly to step two, attempting to show that Carter's identification lacked indicia of reliability. (Doc. 7-3 at 15-16). The Petitioner's direct appeal did not even scratch the surface of satisfying his burden that the identification procedure was impermissibly suggestive.

The only allegation of suggestive identification was raised by the Petitioner in this habeas case. Essentially, the Petitioner asserts that the circumstances of Carter's in-court identification of him was impermissibly suggestive because it was the first confrontation between Carter and the Petitioner,[3] making it "inevitable that the witness would identify Petitioner in-trial under the

---

[3]This identification testimony appears to have been central to the prosecution's case. The Petitioner claimed self-defense, asserting that he did not bring a gun to the bar that evening, that the gun belonged to the decedent, and that he initially fired the gun while struggling to get it away from the decedent. (Doc. 11 at 4-5). Forensics showed that the casings found at the scene of the November shooting were fired by the same gun found at the scene at issue here. The prosecution argued that Carter's testimony placing the Petitioner at the November shooting showed that the gun belonged to the Petitioner, not the decedent – thereby, undercutting his self-

circumstances."[4] (Doc. 13 at 5-6). There are two major problems with the Petitioner's argument, however. First, Carter testified that she looked at a photo lineup and picked out Dana Mathews on the day before testifying. (Doc. 9-13 at 192). This testimony is fatal to the Petitioner's argument that the first confrontation occurred in-court and was, therefore, "inherently" suggestive. Second, no record was developed regarding either the in-court identification or this earlier photo lineup. Without a factual record regarding either of these two identifications or even an argument as to the suggestiveness of the identifications on direct appeal, the Court is ill-equipped to determine whether the identifications were impermissibly suggestive.[5] In fact, making any sort of determination would usurp the state courts' authority.

The Court now turns to whether, under the *Maupin* test, the Petitioner's failure to present any argument as to *Biggers*' first prong – that the identification was impermissibly suggestive – procedurally defaulted the Petitioner's claim. Because the Petitioner failed to present prong one of

---

defense claim. *Id.*

[4]Other courts have addressed this argument – i.e., that when a witness's first identification of a perpetrator occurs in-court, it may be impermissibly suggestive because the witness knows that the defendant is the person being prosecuted for the crime and sitting at the defendant's table. *See Hill*, 967 F.2d at 232 (citing *U.S. v. Rundell,* 858 F.2d 425 (8th Cir. 1988) as admitting that, "the eyewitnesses' inherent knowledge that the person seated at counsel table was the defendant made the in-court identification impermissibly suggestive.").

[5]While the Petitioner has not requested an evidentiary hearing, even if he had, the Court would be unable to grant one. Under AEDPA, if the petitioner "has <u>failed to develop the factual basis</u> of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim," unless the petitioner satisfies a very narrow exception, which the Court finds inapplicable here. 28 U.S.C. § 2254(e)(2) (emphasis added). Because the Petitioner's counsel did not exercise proper diligence to develop a record as to the Carter identifications, the Petitioner failed to develop a factual basis for his *Biggers* claim and thus, § 2254(e)(2) is applicable. *See Williams v. Taylor*, 529 U.S. 420, 432 (2000); *White v. Mitchell*, 431 F.3d 517, 533 (6th Cir. 2005).

his *Biggers* claim in the first instance in state court, he violated the procedural rule of res judicata.[6] (See Section III-B-1). Therefore, prong one of *Maupin* is satisfied.

*Maupin*'s second prong – that the state court must enforce the procedural rule – is met because the Court once again assumes that, if the Supreme Court of Ohio had addressed the issue, it would have enforced its own procedural rules. *See Simpson*, 94 F.3d at 203; *Bonilla*, 370 F.3d at 497. (See Section III-B-1-i). Prong three is also satisfied because res judicata is an independent and adequate state ground to preclude federal review. *Monzo*, 281 F.3d at 577; *Coleman*, 268 F.3d at 427-29.

On prong four, the Petitioner has not alleged any cause for failure to fully develop his *Biggers* claim on direct appeal. Assuming that he had asserted ineffective assistance of appellate counsel as "cause," Ground Two must still be dismissed because the Petitioner's ineffective assistance claim has been procedurally defaulted, as explained in Section III-B-1-i. Therefore, the Court need not consider whether there is any prejudice. *Smith*, 477 U.S. at 533. The Petitioner, moreover, has not shown that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Prong four is satisfied, accordingly, and the Petitioner's *Biggers* claim is procedurally defaulted under res judicata. Therefore, Ground Two is **DISMISSED** on these alternative grounds, as well.

## IV.    CONCLUSION

For the foregoing reasons, Dana L. Mathews' Petition for a Writ of Habeas Corpus (Doc. 1) pursuant to 28 U.S.C. § 2254 is **DENIED** and his case **DISMISSED**.

---

[6]Because no record was developed regarding prong one on suggestiveness, the Petitioner cannot prevail on the merits of his *Biggers* claim. This is true despite the fact that the evidence regarding prong two of that claim – a lack of indicia of reliability – strongly favors the Petitioner.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith as to any claims except the Petitioner's *Biggers* claim. There is no basis on which to issue a certificate of appealability for Ground One or for Ground Two, to the extent it asserts a due process claim premised on the state court's alleged improper application of Ohio Rule of Evidence 404(B). 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

On the Petitioner's Ground Two *Biggers* claim, however, the Court issues a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b). While the Court has little doubt that the Petitioner procedurally defaulted his *Biggers* claim, his original appellate brief contains strong arguments calling into question the reliability of Carter's identification. (Doc. 7-3 at 16). It would appear, therefore, that the Petitioner has made a "substantial showing of the denial of a constitutional right," which is required for the Court to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Harbison v. Bell*, 503 F.3d 566, 568 (6th Cir. 2007). Accordingly, the Court **ISSUES a Certificate of Appealability** as to the *Biggers* claim raised in Ground Two of the Petition.

**IT IS SO ORDERED.**

                                                          **s/Kathleen M. O'Malley**
                                                          **KATHLEEN McDONALD O'MALLEY**
                                                          **UNITED STATES DISTRICT JUDGE**

**Dated: March 1, 2010**